

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 1, 1977

The Honorable Peyton McKnight
Chairman
Subcommittee on Nominations
Senate of the State of Texas
Austin, Texas 78701

Opinion No. H-948

Re: Status of a nomina-
tion on which the Senate
fails to act.

Dear Chairman McKnight:

You have asked our opinion regarding the effect of the
Senate's failure to act on a nomination which requires
Senate confirmation. Your question relates to the fairly
unusual situation in which the Senate neither confirms nor
rejects a nomination submitted by the Governor.

Article 4, section 12 of the Texas Constitution provides:

> All vacancies in State or district offices,
> except members of the Legislature, shall be
> filled unless otherwise provided by law, by
> appointment of the Governor, which appoint-
> ment, if made during its session, shall be
> with the advice and consent of two-thirds of
> the Senate present. If made during the
> recess of the Senate, the said appointee,
> or some other person to fill such vacancy,
> shall be nominated to the Senate during
> the first ten days of its session. If
> rejected, said office shall immediately
> become vacant, and the Governor shall,
> without delay, make further nominations,
> until a confirmation takes place. But
> should there be no confirmation during the
> session of the Senate, the Governor shall
> not thereafter appoint any person to fill
> such vacancy who has been rejected by the
> Senate; but may appoint some other person
> to fill the vacancy until the next session
> of the Senate or until the regular election
> to said office, should it sooner occur.
> Appointments to vacancies in offices
> elective by the people shall only continue
> until the first general election thereafter.

As is apparent from the provisions of article 4, section 12, there are two major categories of appointments, i.e. those made when the Senate is in session and those made during the recess of the Senate.  We first consider those made when the Senate is in session.

Two Attorney General Opinions have considered the Senate's failure to act on an appointment made while the Legislature is in session.  Attorney General Opinion O-4864 (1942); Attorney General Opinion 2797 (1930).  On both occasions, the Attorney General concluded that an appointment required the joint action of the Governor and the Senate before it became effective.  Where the Senate failed to act on the nomination, the appointment was never complete and the individual never obtained any right to assume the office. Accordingly, we believe it is established that the Senate's failure to confirm a nomination made while the Senate is in session renders the appointment a nullity.

A different case is presented when the appointment is made during the recess of the Senate.  A recess appointee may immediately take the oath and begin exercising the duties of the office.  Attorney General Opinion M-267 (1968). Thus, unlike the instance of the individual whose nomination is made during the session and who may not exercise the duties of office unless and until the Senate confirms his appointment, the recess appointee is already exercising the responsibilities of office at the time his name is presented to the Senate.  Accordingly, it is necessary to consider the effect of article 16, section 17 of the Texas Constitution.  That section provides:

> All officers within this State shall
> continue to perform the duties of their
> offices until their successors shall be
> duly qualified.

The relationship of article 4, section 12, and article 16, section 17, to the Senate's failure to act was discussed in Attorney General Opinions M-267 (1968) and O-4920 (1942). Attorney General Opinion O-4920 involved appointments to a county conservation and reclamation district.  The appointments were made during a recess of the Senate in 1939, and it apparently was concluded that Senate confirmation was not required.  The State Auditor questioned the lack of confirmation in 1942, and the Attorney General indicated

that Senate confirmation was required.  Between the time
the appointment was made and the time it was determined
that confirmation was necessary, the regular session of the
47th Legislature had met and adjourned.  The nominations
were not submitted to the Senate, and of course, no action
was taken by the Senate to confirm or reject them.  In
writing on the status of these appointments, Attorney General
Gerald Mann said:

> [Article 4, section 12 of the Constitution]
> does not purport to terminate the authority
> of a recess appointee, except in the event
> of a rejection by refusal to confirm.  In
> other words, Section 17, of Article XVI of
> the Constitution, declaring that 'all
> officers within the State shall continue to
> perform the duties of their offices until
> their successor shall be duly qualified,'
> applies to recess appointees, with the
> exception above mentioned -- that is, of
> a rejection of confirmation by the Senate.
>
> .  .  .  .
>
> It is our opinion, therefore, that the
> Board members under consideration held over
> under the recess appointments in virtue of
> the Constitution above quoted, (Article
> XVI, Section 17) until their successors
> have been or will be duly appointed and
> qualified.  So that, their official acts
> during such tenure are those of lawfully
> constituted officers.  Id. at 5-6.

A similar conclusion was reached in Attorney General Opinion
M-267.

The reasoning of Attorney General Opinions O-4920
and M-267 is also applicable to appointments, whether made
during the session or recess, of an individual to succeed
himself in an office to which he had previously been
nominated and confirmed.  In such a case the individual
holds over even though the Senate fails to act on his
appointment.  See Attorney General Opinions V-868 (1949);
Op. No. 1809 (To Honorable Will D. Suiter, Aug. 18, 1917),
1916-1918 Tex. Att'y Gen. Rep.

Accordingly, it is our opinion that the Senate's failure to confirm or reject an appointment will prevent the appointment from becoming effective and vesting the appointee with any right to exercise the duties of office, if the Governor made the appointment while the Senate was in session and if the individual was not appointed to succeed himself in office. If the Senate fails to act on a recess appointment or on an appointment made during the session of an individual to succeed himself in office, the individual can continue to exercise the duties of office pursuant to the requirements of article 16, section 17, of the Texas Constitution, until the Senate subsequently rejects the nomination or until the Governor appoints another individual.

## S U M M A R Y

The Senate's failure to either confirm or reject a nomination will render the nomination a nullity if it was made while the Senate was in session. If a recess appointee's nomination is neither confirmed nor rejected by the Senate, he may continue to exercise the duties of office until his appointment is rejected at a subsequent session of the Senate or until the Governor makes another appointment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb